## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**RMB ALQUILERES, S.A.,**

      Plaintiff,

**v.**                                   **CASE No.** 0:21-CV-60946

**KMR AVIATION
SERVICES INC.**

      Defendant.

### COMPLAINT FOR DAMAGES

**COMES NOW**, PLAINTIFF, RMB ALQUILERES, S.A. (hereinafter "RMB"), by and through its undersigned counsel, and brings this action against DEFENDANT, KMR AVIATION SERVCES, INC. to enforce that certain settlement agreement entered into between the parties on or about March 4, 2021 (the "Settlement Agreement") entered into in RMB ALQUILERES, S.A., Claimant v. KMR AVIATION SERVICES, INC., Respondent, Case No. 01-20-0003-7772 that was pending in the American Arbitration Association International Dispute Resolution Tribunal (the "Underlying Action") and in support thereof states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      RMB ALQUILERES, S.A. ("RMB"), is a corporation duly organized and existing under the laws of Panama with a principal place of business located in Provincia Panama, Panama.

2.      KMR AVIATION SERVICES, INC. ("KMR"), is a Virginia corporation

1



with its principal place of business located at 18245 Forest Road, Lynchburg, Virginia 24502, and with a registered agent of Kelli S. Marten located at the same address.

3. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. This action is between citizens of different states and/or countries, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. This dispute arose from a contract dated 11 April 2019 between RMB and KMR whereby RMB consigned a BAE Jetstream aircraft to KMR to disassemble and sell its components. This contract required the parties to negotiate concerning any disputes and, if unsuccessful in resolving the dispute, to mediate the dispute. If negotiation and mediation were not successful, the dispute would be submitted to the American Arbitration Association ("AAA") under its arbitration rules.

**5.** The dispute was submitted for arbitration and the parties reached settlement. Their agreement was reduced to writing and executed by the parties on or about March 4, 2021. A true and correct copy of the executed Settlement Agreement is attached hereto as **Exhibit "1."**

6. The Settlement Agreement contains specific provisions regarding venue, jurisdiction and choice of law. *See*, Exhibit 1 at Paragraph 12. Specifically, the Settlement Agreement is to be "construed, enforced and interpreted in accordance with the laws of the State of Florida" and any action "to enforce . . . the [Settlement] Agreement shall be brought in the federal courts serving Broward County, Florida" and specifically in this Court. *Id.*

7. As a result of the terms of the Settlement Agreement, personal jurisdiction

2

and venue are proper in this Court.

8. All conditions precedent to bringing this Action have either occurred or been waived.

**Background and General Allegations**

9. RMB is the owner of one (1) British Aerospace, Model BAE Jetstream 3101, Serial Number 635 aircraft ("Aircraft") with all parts and components including, but not limited to, two (2) Honeywell TPE331 turbine engines.

10. KMR is engaged in the operation of aircraft management, parts, sales, aircraft leasing and maintenance.

11. On or about April 11, 2019, the parties entered into an agreement wherein RMB granted KMR exclusive right to disassemble and sell the parts/components of the Aircraft (the "Underlying Agreement").

12. A dispute between the parties arose as a result of the Underlying Agreement and their grievances were submitted to arbitration.

13. The parties resolved their grievances and entered into a valid Settlement Agreement.

14. The Settlement Agreement at Paragraph 4 required Defendant to pay Plaintiff the sum of ONE HUNDRED THOUSAND DOLLARS AND No/100 ($100,000.00) on or before March 15, 2021. *See*, Exhibit 1 at Paragraph 4.

15. Defendant failed to make its March 15, 2021 payment to Plaintiff.

16. The Settlement Agreement at Paragraph 4 required Defendant to pay Plaintiff the sum of FIVE THOUSAND FIVE HUNDRED FIFTY-FIVE DOLLARS AND 65/100 ($5,555.65) on or before April 15, 2021. *Id*.

17. Defendant failed to make its April 15, 2021 payment to Plaintiff.

18. The Settlement Agreement at Paragraph 5 required Defendant to return equipment to Plaintiff. Specifically, Defendant was to:

> [R]emove, uninstall, box or crate, and prepare for shipment, the following components and parts ("Parts") that are/were attached to one (1) British Aerospace, Model BAE Jetstream 3101, Serial Number 635 aircraft ("Aircraft"):
>
> a. Radar Equipment, including the Radar Antenna and Radar Transmitter;
>
> b. Autopilot, Autopilot controller, and Autopilot mode control panel, Auto pilot computer;
>
> c. Roll Servo;
>
> d. Pitch Servo;
>
> e. Trim Servo;
>
> f. Yaw Damper; and
>
> g. Flight director computer.

*Id.* at Paragraph 5.

19. Defendant has failed to return the equipment identified in the Settlement Agreement.

20. Defendant has breached and, upon information and belief, based upon current status of its default, Defendant will continue to breach the Settlement Agreement.

21. Defendant's breaches have caused Plaintiff significant and ongoing damages.

22. Paragraph 14 of the Settlement Agreement sets forth an award of attorneys' fees and costs to the prevailing party if legal action is necessary, like here, to enforce the Settlement Agreement.

4

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

23. Plaintiff's attempts to communicate with Defendant (through counsel) and to resolve the grievances outlined in this Complaint have been rebuffed and left unanswered.

## COUNT I: BREACH OF SETTLEMENT AGREEMENT

24. Plaintiff realleges and incorporates herein Paragraphs 1-23 of this Complaint.

25. Defendant has materially breached the Settlement Agreement in failing to make requisite monthly settlement payments to Plaintiff.

26. At the time of filing, Defendant owes Plaintiff the sum of $105,555.65 pursuant to the Settlement Agreement, exclusive of interest and costs.

27. At the time of filing, Defendant has materially breached the Settlement Agreement in failing to return the requisite Parts to Plaintiff.

28. Defendant's material breaches have damaged the Plaintiff.

## COUNT II: ANTICIPATORY BREACH OF CONTRACT

29. Plaintiff realleges and incorporates herein Paragraphs 1-28 of this Complaint.

30. Defendant had failed to comply with any of its Settlement Agreement obligations.

31. Defendant's inaction and its refusal to communicate with Plaintiff present clear statements of Defendant's intent not to perform under the Settlement Agreement and, as a result, Plaintiff anticipates Defendant will continue to breach its obligations causing Plaintiff significant damage for which there can be no mitigation.

32. Plaintiff therefore requests this Court to enter an Order accelerating all

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315  |  T. 954.400.4643  |  F. 954.210.8431  |  SERVICE@AEROLAWCENTER.COM

monetary payments due to Plaintiff under the Settlement Agreement be made *instanter* and all Parts be returned as soon as is physically reasonable.

## COUNT III: ATTORNEYS' FEES AND COSTS

33. Plaintiff realleges and incorporates herein Paragraphs 1-32 of this Complaint.

34. The Settlement Agreement provides that, should legal action be necessary to enforce the terms of the Settlement Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

35. Plaintiff attempted resolution of this matter without the need for court involvement to no avail.

36. Plaintiff was forced to bring legal action against Defendant and, should it prevail, is entitled to an award of fees and costs in an amount to be proven at trial.

## CONCLUSION

WHEREFORE, Plaintiff, RMB ALQUILERES, S.A., respectfully requests that this Court find in its favor and against Defendant, KMR AVIATION SERVCES, INC., and award Plaintiff all recoverable damages together with interest thereon as provided by law, including attorneys' fees and costs, and all such other and further relief this Court deems just and proper.

Respectfully submitted on May 3, 2021

                                               */s/ Jonathan A. Ewing*
                                               Jonathan A. Ewing, Esq. FBN #40972
                                               Aero Law Center
                                               1100 Lee Wagener Blvd, Suite 211
                                               Fort Lauderdale, Florida 33315
                                               Phone: (954) 400-4643
                                               ewing@aerolawcenter.com
                                               service@aerolawcenter.com

