UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60946-SINGHAL/VALLE

RMB ALQUILERES, S.A,

     Plaintiff,

v.

KMR AVIATION SERVICES INC.,

Defendant.

_____/

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon Plaintiff's Motion for Judgment Against Garnishee, Wells Fargo Bank, N.A. Pursuant to F.S. § 77.083 (ECF No. 32) (the "Motion").[1] United States District Judge Raag Singhal has referred the Motion to the undersigned for appropriate disposition.  (ECF No. 34).

Having reviewed the Motion, the record in the case, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED**.

## I.     **BACKGROUND**

The background and procedural history of this case have been summarized in the Court's prior Orders, which are incorporated by reference.  *See, e.g.*, (ECF No. 30) (Report and Recommendation on Plaintiff's Post-Judgment Motion for Attorneys' Fees and Costs; (ECF No. 31) (Order on Motion to Transfer Funds).  Relevant here, Plaintiff RMB Alquileres, S.A. ("Plaintiff") filed its Complaint for Damages against Defendant KMR Aviation Services Inc. ("Defendant") arising from a 2021 Settlement Agreement between the parties.  *See generally* (ECF No. 1) (the "Complaint").  Defendant failed to respond to the Complaint or otherwise appear in

_____

[1] Plaintiff's other post-judgment motions are addressed in a separate Omnibus Order entered contemporaneously.

this action.  On November 9, 2021, the District Judge granted Plaintiff's Motion for Default Final Judgment and entered a Final Judgment in favor of Plaintiff and against Defendant for $200,000. (ECF Nos. 11, 12).

Subsequently, the Clerk of Court issued a writ of garnishment on Wells Fargo. (ECF No. 14).  On September 23, 2022, Wells Fargo filed its Answer to Writ of Garnishment and Demand for Payment of Attorney's Fees (the "Answer").  *See generally* (ECF No. 15 ).  In its Answer, Wells Fargo disclosed that at the time of service of the writ of garnishment, Defendant/Judgment Debtor had an account (ending in 5614), with $28,321.01.  *See id.* at 2. Thereafter, on November 2, 2022, pursuant to Fla. Stat. § 77.055, Plaintiff gave notice to Defendant/Judgment Debtor of the Answer. (ECF No. 16). The notice advised Defendant/Judgment Debtor that it must move to dissolve the writ of garnishment within 20 days after the date of service.  *Id.* at 1.  Defendant/Judgment Debtor failed to timely move to dissolve the Wells Fargo writ.

On January 30, 2023, Plaintiff filed the instant Motion.  (ECF No. 32).  On April 3, 2023— approximately five months after being noticed of Wells Fargo's Answer and more than 60 days after Plaintiff filed the Motion—Mr. Robert E. Day, Jr., as Chief Financial Officer for the corporate Defendant/Judgment Debtor, filed a letter addressed to the Court requesting an order directing Wells Fargo to disburse/release the funds in account ending in 5614 to Defendant/Judgment Debtor.  *See generally* (ECF No. 38) (the "April 3rd Letter").  Plaintiff seeks to strike the April 3rd Letter, and the Court addresses that motion by separate Order.  *See generally* (ECF No. 39).

## II.   DISCUSSION

In response to a writ of garnishment, Wells Fargo disclosed that at the time of service of the writ of garnishment, Defendant/Judgment Debtor had an account (ending in 5614) with $28,321.01. *See* (ECF No. 15 at 2). This account appears to contain funds that are subject to garnishment, i.e., the account contains Defendant/Judgment Debtor's personal property that is in

2

Wells Fargo's possession or control.  *Id.* at 2; *see also* Fla. Stat. 77.06 (providing for the effect of a writ).

Pursuant to Florida Statute §§ 77.041 and 77.055, Plaintiff provided Notice of Garnishment to Defendant/Judgment Debtor and further advised that Defendant/Judgment Debtor had to move to dissolve the writ within the statutory time allotted or be defaulted.  *See* (ECF No. 16). Defendant/Judgment Debtor failed to timely move to dissolve the Wells Fargo writ.  Further, the April 3rd Letter is not a proper motion to dissolve the writ.  Corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot appear pro se, and must be represented by counsel.  *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir.1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel.").  Consequently, when such entities are unrepresented in litigation and fail to retain counsel despite notice and an opportunity to do so, their claims or defenses may be dismissed.  *See, e.g., Palazzo,* 764 F.2d at 1386 (affirming dismissal of corporation's claims because it failed to retain counsel despite opportunity to do so); *see also United States v. Natalie Jewelry*, No. 14-CR-60094, 2015 WL 150841, at *4 (S.D. Fla. Jan. 13, 2015), *report and recommendation adopted sub nom. United States v. Jewelry*, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015).  Thus, the April 3rd Letter is insufficient to challenge the Wells Fargo writ.  Consequently, Plaintiff has met the statutory requirements for a judgment of garnishment and Plaintiff's Motion should be granted.

The Court should also grant Wells Fargo's request for a $100 statutory garnishment fee. (ECF No. 15 at 3); *see also* Fla. Stat. § 77.28 (providing that upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand for the payment).  In this regard, Wells Fargo may offset the fee from the proceeds it holds for Defendant/Judgment Debtor, as permitted under Florida Statute § 77.28.  *See* Fla. Stat. § 77.28

(the amount of attorney's fees is "subject to offset by the garnishee against the defendant whose property or debt owing is being garnished.").

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Judgment Against Garnishee, Wells Fargo Bank, N.A. Pursuant to F.S. § 77.083 (ECF No. 32) be **GRANTED**.  The Court should enter final judgment as set forth in Plaintiff's proposed order included with the Motion at ECF No. 32-1.

Within **fourteen days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Plaintiff must serve a copy of this Report and Recommendation and the Motion upon Defendant/Judgment Debtor via First Class Mail and file a Notice of compliance regarding the same.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on May 5, 2023.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Raag Singhal
    All Counsel of Record